# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TERRELL A. HARRELL**                                                            **PETITIONER**

v.                          NO. 4:23-cv-00183-BRW-PSH

**DEXTER PAYNE**                                                                  **RESPONDENT**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, petitioner Terrell A. Harrell ("Harrell") challenges his state court convictions by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. It is recommended that the petition be dismissed because it is time-barred.

The record reflects that in December of 2016, Harrell was convicted in Mississippi County Circuit Court of several offenses and sentenced to the custody of respondent Dexter Payne ("Payne"). Harrell appealed his convictions. The Arkansas Court of Appeals found no reversible error and affirmed his conviction on January 10, 2018. See Harrell v. State, 2018 Ark. App. 6, 538 S.W.3d 244 (2018). He thereafter filed a request for rehearing, but his request was denied. On February 14, 2018, the appellate court mandate was issued. See Docket Entry 13, Exhibit D at CM/ECF 6. Payne represents, and the undersigned accepts, that Harrell "did not seek discretionary review with the Arkansas Supreme Court or petition for a writ of certiorari from the United States Supreme Court after his convictions were affirmed on January 10, 2018, or after the appellate mandate affirming his convictions issued on February 14, 2018." See Docket Entry 13 at CM/ECF 10.

Harrell then began a series of post-conviction proceedings in the state courts of Arkansas. In March of 2018, he provided the trial court with certified service of a notarized petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. The petition was not filed, though, until June of that year. In July of 2018, the trial court denied the petition. See Docket Entry 13, Exhibit E at CM/ECF 29-35. He did not appeal the denial of his petition.

In October of 2018, Harrell filed a motion with the Arkansas Supreme Court to recall the mandate and reinvest jurisdiction in the trial court so that he could file a petition for writ of mandamus. Payne represents, and the undersigned accepts, that in November of 2018, Harrell joined the motion with another similar motion. The state Supreme Court construed the motions as requests to file a trial court petition for writ of error coram nobis and denied the requests in April of 2019. See Harrell v. State, 2019 Ark. 120, 570 S.W.3d 463 (2019).

In October of 2020, Harrell filed a trial court motion to correct an illegal sentence pursuant to Ark. Code Ann. 16-90-111 and for declaratory relief pursuant to Ark. Code Ann. 16-11-104. The trial court denied the motion on January 10, 2022. See Docket Entry 13, Exhibit G at CM/ECF 21. He did not appeal the denial of his motion.

Harrell represents, and the undersigned accepts, that on February 25, 2023, he signed the petition at bar and placed it in the prison mailing system. See Docket Entry 2 at CM/ECF 15. In the petition and a supporting brief, Harrell alleged, in part, that he is actually innocent.[1] With respect to the timeliness of his petition, he represented the following:

> Harrell exercised diligence pursuing his claims, however, his counsel was ineffective assistance of counsel, counsel abandon Harrell's liberty interest and abandon raising Batson issue or other claims at trial; COVID-19 impeded Harrell's research, investigation, develop of present claims and getting inmate assistance because of Harrell's mental impairment further delayed presentation of a complete petition should warrant equitable tolling excuse. [Sic]

See Docket Entry 2 at CM/ECF 13.

Payne filed a response to the petition and asked that the petition be dismissed. He offered several reasons why, one of which is that the petition is time-barred. He maintained that the petition was filed more than three years after the expiration of the one-year limitations period, and there is no reason for excusing its untimely filing.

---

[1] Harrell also advanced the following claims in his petition and supporting brief: (1) the evidence to support his convictions is insufficient; (2) his trial attorney erred because counsel failed to object to the prosecution's use of its peremptory challenges; (3) Harrell's constitutional rights were violated when the prosecution struck all of the African-American jurors; and (4) the jury instructions with respect to battery and residential burglary were deficient because they relieved the prosecution of its burden of having to prove him guilty beyond a reasonable doubt.

Harrell filed a reply in which he addressed, inter alia, the limitations issue raised by Payne. Harrell appeared to concede that his petition is untimely. He nevertheless maintained that equitable tolling is warranted for the period between 2019 and 2023 because his memory and concentration were impaired as a result of his "residual symptoms" following his exposure to COVID-19. See Docket Entry 15 at CM/ECF 1. He alternatively maintained that equitable tolling is warranted because his trial attorney provided ineffective representation. Additionally, Harrell maintained that he is actually innocent.

A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, excluding any time during which the period is tolled or otherwise extended, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from the latest of one of four dates or events.[2]

---

[2]   The four dates or events are found in 28 U.S.C. 2244(d)(1)(A)-(D). Section (A) provides that the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Section (B) provides that the one-year period begins on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Section (C) provides that the one-year period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Section (D) provides that the one-year period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Payne maintains that the applicable limitations period is found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year period begins on the date on which "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." He maintains that the one-year period began on January 29, 2018, or nineteen days after the state Court of Appeals affirmed Harrell's convictions.

The applicable limitations period is indeed found at 28 U.S.C. 2244(d)(1)(A), and the one-year period began on January 29, 2018.[3] Harrell therefore had up to, and including, January 28, 2019, to file a timely petition pursuant to 28 U.S.C. 2254. He waited, though, until February 25, 2023, to place his petition in the prison mailing system.[4] His petition is untimely, and the only question is whether there is some reason for tolling the one-year period or otherwise excusing the untimely filing of his petition.

---

[3] The undersigned recognizes that there is some support for the proposition that the one-year period actually begins on the date the appellate court issues its mandate, in this instance, on February 14, 2018. See Ben-Yah v. Norris, 570 F.Supp. 2d 1086 (E.D. Ark. 2008) (conclusion of direct review occurs when Arkansas Court of Appeals issues mandate). The exact date the one-year period began in this case—either January 29, 2018, or February 14, 2018—is ultimately of no significance because Harrell's petition is untimely using either date.

[4] For purposes of this Report and Recommendation, Harrell's petition is deemed to have been filed on the day he placed it in the prison mailing system, i.e., February 25, 2023.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. The undersigned will not attempt to determine whether the series of post-conviction proceedings initiated by Harrell were properly filed applications for state post-conviction or other collateral review and, if so, the number of days the applications tolled the one-year period. The undersigned simply assumes that the proceedings were all properly filed applications for state post-conviction or other collateral review and tolled the one-year period up to, and including, February 9, 2022, i.e., thirty days after the trial court denied Harrell's last application for state post-conviction or other collateral review.[5] He therefore had one year from that date, or up to, and including, February 8, 2023, to file a timely petition pursuant to 28 U.S.C. 2254. He waited, though, until February 25, 2023, to place his petition in the prison mailing system. Even giving him the benefit of the time during which all of the applications for state post-conviction or other collateral review were pending, 28 U.S.C. 2244(d)(2) affords him no benefit. His petition is untimely.

---

[5] Harrell's last application for collateral review is deemed to have been his motion to correct an illegal sentence pursuant to Ark. Code Ann. 16-90-111 and for declaratory relief pursuant to Ark. Code Ann. 16-11-104.

7

Although 28 U.S.C. 2244(d)(2) affords Harrell no benefit, the one-year period for filing a timely petition pursuant to 28 U.S.C. 2254 can be equitably tolled. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016). In that case, the Court of Appeals outlined the dimensions of the equitable tolling doctrine:

> ... "Equitable tolling ... asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." ... "[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief...." ... "The one-year statute of limitations may be equitably tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.'" ...

See Id., at 1195. (Citations and italics omitted).

Here, equitable tolling is not warranted. Assuming, arguendo, that Harrell has been pursuing his rights diligently, he has failed to show that an extraordinary circumstance stood in his way and prevented him from filing a timely petition. The undersigned so finds for several reasons.

First, the factual predicate of the claims at bar were not hidden from Harrell. He knew of them, or could have learned of them, by the conclusion of his trial.

Second, although the restrictions brought about by COVID-19 can warrant equitable tolling, Harrell has not shown how the pandemic, or the restrictions that resulted from it, impeded his efforts to file a petition pursuant to 28 U.S.C. 2254. "The COVID-19 pandemic did not manifest in the United States until mid-March, 2020." See Taylor v. United States, No. 4:20-cv-1489, 2021 WL 1164813, 2 (E.D. Mo. Mar. 26, 2021), reconsideration denied, 2021 WL 2142461 (E.D. Mo. May 26, 2021). The pandemic and its resulting restrictions did not prevent him from filing a series of post-conviction proceedings in the state courts of Arkansas between March of 2018 and October of 2022, and the Clerk of the Court for the United States District Court for the Eastern District of Arkansas never stopped accepting filings during the pandemic.

Third, Harrell's assertion that his memory and concentration were impaired as a result of his "residual symptoms" following his exposure to COVID-19 is unavailing. Assuming, arguendo, that an impaired memory and inability to concentrate can warrant equitable tolling, he has failed to offer proof of the degree and duration of his difficulties or how they prevented him from filing a timely petition pursuant to 28 U.S.C. 2254. The difficulties he allegedly experienced certainly did not prevent him from filing a series of post-conviction proceedings in the state courts of Arkansas.

Fourth, Harrell's assertion of a mental impairment is also unavailing. Accepting that an impairment can warrant equitable tolling, he has failed to identify the impairment, offer proof of its degree and duration, or state how it prevented him from filing a timely petition pursuant to 28 U.S.C. 2254. The impairment he allegedly suffered did not prevent him from filing a series of post-conviction proceedings in the state courts of Arkansas.

Last, Harrell's assertion of ineffective assistance of counsel is unavailing. The one-year period began after trial counsel ceased representing Harrell, and there is nothing to suggest that counsel "lulled" Harrell into inaction. Moreover, with respect to appellate counsel, Payne correctly notes the following:

> Harrell further offers that it was ineffective for appellate counsel not to have raised his ineffective-assistance-of-counsel claim (Claim 2) on appeal and this delayed him seeking federal habeas relief. See Br. in Supp. at 4-5. But, being that appellate counsel's brief was filed on September 5, 2017, Harrell would have been "aware of [such] as soon as he read the brief filed on his behalf[,]" see Martin, 849 F.3d at 696-698, which underscores his failure to act with reasonable diligence before his ... deadline expired under AEDPA. Moreover, even were the former established, equitable tolling does not extend to a "garden variety" claim of excusable neglect on the part of counsel. ...

See Docket Entry 13 at CM/ECF 22.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, No. 4:17-cv-00853-KGB, 2018 WL 3193807, 1 (E.D. Ark. June 27, 2018) (quoting McQuiggin v. Perkins, 569 U.S. 383, 386-387 (2013)). "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Story v. Kelley, 2018 WL 3193807, 1 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

The actual innocence exception affords Harrell no benefit. He has not offered new evidence showing that he is innocent of second-degree battery, aggravated robbery, kidnapping, theft of property, fraudulent use of a credit or debit card, or residential burglary. He simply re-argues the evidence offered at trial.[6]

---

[6] In Harrell's pleadings, he invokes Martinez v. Ryan, 566 U.S. 1 (2012), a case in which the United States Supreme Court held that ineffective assistance of post-conviction counsel can excuse the default of a substantial claim of ineffective assistance of counsel at trial. The question at bar, though, is one of limitations, not procedural bar.

11

It is for these reasons that Harrell's petition is time-barred. It is recommended that his petition be dismissed. All requested relief should be denied, and judgment should be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Harrell cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 29th day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE